**Irving A. BACKMAN, et al.,**

v.

**POLAROID CORPORATION, et al.**

Civ. A. Nos. 79–1031, 79–1284
and 79–1285.

United States District Court,
D. Massachusetts.

Dec. 30, 1987.

Ronald Litowitz, Bernstein, Litowitz, Berger & Grossman, New York City, Joseph D. Steinfield, Hill & Barlow, Boston, Mass., Abbey & Ellis, Arthur N. Abbey, New York City, Shapiro & Grace, Thomas G. Shapiro, Boston, Mass., B.L. Knapp, Lowey, Dannenberg & Knapp, P.C., New York City, for Backman.

Christopher Brady, James E. Tolan, Olwine, Connelly, Chase, O'Connell & Weyher, Davis, Polk & Wardwell, New York City, for Polaroid.

William C. Evers, III, Collinsville, Ill., for Molitor Motors.

Sandra L. Lynch, Foley, Hoag & Eliot, Boston, Mass., for Julius Silver Jurodin Fund, Inc.

Samuel Hoar, Goodwin, Procter & Hoar, Boston, Mass., for Rowland Foundation and Edwin H. Land.

Francis H. Fox, Bingham, Dana & Gould, Boston, Mass., Ellen G. Grant, Joanne D'Alcomo, for Polaroid.

## MEMORANDUM AND ORDER ON PLAINTIFFS' REQUEST FOR PREJUDGMENT INTEREST

McNAUGHT, District Judge.

The plaintiffs filed a motion for an award of prejudgment interest following a jury verdict in their favor in this Section 10(b) and Rule 10b–5 action. The jury found that the defendants knowingly or recklessly disregarded the Federal Securities laws, and that therefore the members of the class should recover their losses. The gist of the theory of liability was nondisclosure.

In a supplemental memorandum in support of the motion, plaintiffs requested that the court apply "the statutory rate set by Massachusetts law in calculating an award of prejudgment interest in the instant case". The prevailing interest rate in effect in Massachusetts, by virtue of the provisions of Mass. General Laws, c. 231, sec. 6B, was 12% per annum at the time of the verdict in this action. The plaintiffs therefore suggested that the interest be calculated at that rate from the date of the filing of the first Complaint against Polaroid, March 1, 1979. (See Docket Document # 408). The request for prejudgment interest is denied.

Section 10(b) of the Securities Exchange Act of 1934 does not provide for the award of prejudgment interest. Nor does Rule 10b–5 promulgated thereunder. Where a federal statute does not authorize such an award, it has been held that such an award may be made in the exercise of discretion. The period or periods over which such interest should be granted, and

the proper rate of interest (if an award of prejudgment interest is made) depend upon the equities of the situation.

Where the issue of such an award arises in a securities fraud case, tried to a judge, the judge exercises her or his discretion. The First Circuit Court of Appeals, in *Kolb v. Goldring, Inc.*, 694 F.2d 869 (1982) has stated: "We are hesitant to impose an inflexible rule requiring—or barring—prejudgment interest. See *Furtado v. Bishop*, 604 F.2d [80] at 97–98 [(1st Cir., 1979)]". At 875, fn. 6.

The case at bar was tried to a jury. The law of this Circuit appears to be settled, on the proposition that where an action is tried to a jury (under a federal statute not providing for such interest) the judge is not entrusted with the authority to make an award. It is a question for the jury as to whether an award will be made, and in what amount.

Were I, as judge, to have been entrusted with the responsibility (if the case had been tried "nonjury") of deciding whether to grant prejudgment interest here, I would have been inclined to have made an award (assuming findings in favor of the plaintiffs on liability). The plaintiffs, the jury found, lost money by reason of nondisclosure by defendant.

Since I am precluded, however, from making such an award, I make no comment upon any of the factors which would enter into a calculation. I need not consider the "equities" of the matter, such as the alleged wrongfulness of the defendant's conduct, the novelty of the plaintiff's theory of liability, the matter of the delay (and by whom it was caused) or the possibly punitive nature of an award when a recovery is greatly enhanced by the passage of time. I would have to consider the troublesome question (preceding any assessment of prejudgment interest) of whether the damages here were sufficiently ascertainable, at the time that the action was begun, to make an award proper. If the damages were not reasonably determinable at the time of institution of suit, the finder of fact could not make an award of this type. *Robinson v.*

*Watts Detective Agency*, 685 F.2d 729 (1st Cir., 1982).

We are bound here, to apply the rule that since this action was tried to a jury, the possible award of prejudgment interest is for the jury and not for the judge. *Furtado v. Bishop*, 604 F.2d 80, 98 (1st Cir., 1979), c.d. 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980). This principle was reaffirmed in *Segal v. Gilbert Color Systems, Inc.*, 746 F.2d 78 (1st Cir., 1984) at p. 83. In the case at bar, as in the *Furtado* case, the plaintiffs did not request that the question of interest be submitted to the jury. This is the equivalent of waiver of the claim to pre-verdict interest *Kolb*, supra, at 875.

Accordingly, the plaintiffs' motion must be and is hereby denied.